USDC- GREENBELT
'25 JAN 30 PM4:07

MSM: USAO 2024R00683

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. LKG25CR15 |
| DAVID ALAIN SCHMIDT, | * (Production of Child Pornography, 18 U.S.C. § 2251(a); |
| Defendant | * Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); |
| | * Forfeiture, 18 U.S.C. § 2253, 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

On or about October 5, 2024, in the District of Maryland, the defendant,

**DAVID ALAIN SCHMIDT,**

attempted to and did knowingly employ, use, persuade, induce, entice, and coerce any minor, namely Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction was actually transported and transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

18 U.S.C. § 2251(a)

## COUNT TWO
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about October 8, 2024, in the District of Maryland, the defendant,

**DAVID ALAIN SCHMIDT,**

attempted to and did knowingly employ, use, persuade, induce, entice, and coerce any minor, namely Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction was actually transported and transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

18 U.S.C. § 2251(a)

## COUNT THREE
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about October 28, 2024, in the District of Maryland, the defendant,

**DAVID ALAIN SCHMIDT,**

did knowingly possess any material that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8), which had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which image was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(5)(B) and (b)(2)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction of any of the offenses alleged in Counts One through Three of this Indictment.

### Child Pornography Forfeiture

2. Pursuant to 18 U.S.C. § 2253, upon conviction of any of the offenses set forth in Counts One through Three of this Indictment, the defendant,

**DAVID ALAIN SCHMIDT,**

shall forfeit to the United States:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, or 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, or any property traceable to such property.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, a blue Motorola Moto G Stylus inside a black case seized from the Defendant's person during his arrest on or about October 28, 2024.

**Substitute Assets**

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 2253(b) and 2428(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron/MSM*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson          1/30/2025
                                     Date